```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
KAREN WALTER,
                        Plaintiff,

        -against-

WELLS FARGO & COMPANY and WACHOVIA
SHARED RESOURCES, LLC,

                        Defendants.
-----------------------------------------------------------X
```

JUDGE MARRERO

10 CIV 7491

**COMPLAINT**  ECF Case

**JURY TRIAL DEMANDED**



RECEIVED SEP 30 2010 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, Karen Walter ("Ms. Walter"), by and through her counsel Rottenberg Lipman Rich, P.C., as and for her complaint against defendant Wells Fargo & Company ("Wells Fargo & Co.") and Wachovia Shared Resources, LLC ("Wachovia" and, together with Wells Fargo & Co., "Wells Fargo"), alleges as follows:

NATURE OF THE ACTION

1.   This action concerns Wells Fargo's outrageous termination of Ms. Walter's employment as an investment banking administrative assistant in blatant and knowing disregard of New York City and State law prohibiting employers from discriminating against employees based on their criminal conviction status.

2.   On July 12, 2010, as a result of a guilty plea, Ms. Walter was convicted of driving under the influence of alcohol under New York State Vehicle and Traffic Law Section 1192.2. Concurrent with the conviction, the presiding judge, the Honorable George R. Peck of the County Court for Nassau County, issued a "Certificate of Relief from Disabilities" providing that Ms. Walter's conviction could not be a basis for any adverse employment determination or

action (the "Certificate of Relief"). Honoring the obligation that she felt to report her conviction to her employer Wells Fargo, and relying on the Certificate of Relief from the Court protecting her from any adverse employment determination, on July 13, 2010 Ms. Walter immediately reported her conviction to Wells Fargo. Wells Fargo fired her. Had Ms. Walter not dutifully self-reported the conviction, Wells Fargo never would have known of it.

3.      After Wells Fargo terminated her, Ms. Walter immediately retained counsel. Her counsel contacted Wells Fargo's human resources department and general counsel's office and informed Wells Fargo orally and by letter that Wells Fargo's termination of Ms. Walter clearly violated City and State law and that, under the law, the Judge's issuance of the Certificate of Relief was deemed to be conclusive evidence of Ms. Walter's rehabilitation with respect to her conviction. In response, Wells Fargo agreed to continue Ms. Walter's salary while it reviewed its legal position. Nevertheless, after having the opportunity to research and review New York City and State law, Wells Fargo decided knowingly to disregard City and State law and affirmed its decision to terminate Ms. Walter, discontinuing her salary as of August 6, 2010.

4.      Wells Fargo's illegal actions ended Ms. Walter's accomplished 23 year career as an administrative assistant for financial services firms and cast her into unemployment during the bleakest job environment that her industry has ever faced. Wells Fargo's illegal actions caused Ms. Walter devastating current financial loss by terminating her sole source of income and caused her catastrophic future loss through diminished income and earning power. Wells Fargo's actions have further caused Ms. Walter severe emotional distress, including severe anxiety and depression, resulting from feelings of stigma and shame for being terminated from

her employment for being a "criminal," from her well-founded fear that she will not be able to find equivalent replacement employment and from her reasonable fear that she will lose the home that she owns and for which she is solely responsible for mortgage, tax and other payments. Wells Fargo has illegally devastated Ms. Walter financially and emotionally. Her damages will be proven with particularity at trial but exceed $1 million.

5. Wells Fargo's knowing disregard and contempt for New York City and State law protecting Ms. Walter and employees like her make this case an appropriate case for an award of exemplary or punitive damages. Ms. Walter therefore seeks an award of exemplary or punitive damages in an amount that is sufficient to punish Wells Fargo for its knowing and contemptuous disregard for City and State law and that is sufficient to deter Wells Fargo from repeatedly taking similar illegal action in the future. On information and belief, given Wells Fargo's immense size and resources, to serve as a meaningful punishment for its past disregard of the law, and as an appropriate deterrent against similar unlawful conduct in the future, an award of exemplary or punitive damages must equal or exceed $10 million.

## THE PARTIES

6. Ms. Walter lives in Stewart Manor, New York. Ms. Walter has worked for financial services and investment banking firms since 1987, primarily as an administrative assistant or in a similar capacity. Ms. Walter was hired by defendant Wachovia Shared Resources, LLC ("Wachovia") in January 2007. Ms. Walter's primary responsibilities at Wachovia included scheduling meetings, making travel plans, distributing documentation and other support services for Wachovia executives focused on mergers and acquisitions activities.

At the time of her termination her approximate annual compensation was $72,000 plus benefits. She was an employee in good standing and was well liked by colleagues, supervisors and clients.

7. On information and belief, defendant Wachovia is a limited liability company organized under the laws of the State of Delaware. On information and belief, Wachovia maintains its principal place of business in Charlotte, North Carolina. Wachovia employed Ms. Walter at its New York City office located at 375 Park Avenue, New York, New York. On information and belief, Wachovia is a wholly owned subsidiary of Wells Fargo & Co.

8. On information and belief, defendant Wells Fargo & Co. is a corporation organized under the laws of the State of Delaware. On information and belief, Wells Fargo & Co. maintains its principal place of business in San Francisco, California.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, by virtue of the fact that (1) Ms. Walter is a citizen of New York State and Wells Fargo & Co. and Wachovia are not citizens of New York State; and (2) the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and cots.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because (1) Wells Fargo & Co. and Wachovia reside in this district or (2) a substantial part of the events or omissions giving rise to the claim occurred in this district.

Wells Fargo's Termination of Ms. Walter

11. Ms. Walter's July 12, 2010 plea-conviction for driving under the influence of alcohol constituted a Class E felony under New York State law.

12. As a result of the conviction, Ms. Walter received a sentence consisting of (1) five years of probation; (2) loss of her car; (3) required completion of an alcohol rehabilitation program (which she started prior to sentencing); and (4) an approximate $500 fine.

13. Ms. Walter's conviction was accompanied by the Court's issuance of the Certificate of Relief. The Certificate of Relief states that "This Certificate shall (a) [r]elieve the holder of all forfeitures, and of all disabilities and bars to employment . . . by virtue of the fact that this certificate is issued at the time of sentence."

14. Under New York law, the Certificate of Relief is deemed to be decisive evidence that its recipient is rehabilitated with respect to the subject matter of the conviction. New York Corrections Law § 753 provides that in assessing whether an employee's conviction relates to the subject matter of his or her employment,

> In making a determination pursuant to section seven hundred fifty-two of this chapter, the public agency or private employer shall also give consideration to a certificate of relief from disabilities or a certificate of good conduct issued to the applicant, which certificate shall create a presumption of rehabilitation in regard to the offense or offenses specified therein.

15. There was no direct relationship between Ms. Walter's conviction for driving a motor vehicle while under the influence of alcohol and her employment responsibilities at Wells Fargo.

16. The continuation of Ms. Walter's employment at Wells Fargo after her

- 5 -

conviction for driving a motor vehicle under the influence of alcohol did not present an unreasonable risk to property or to the safety or welfare of any person.

17. On or about July 13, 2010, Ms. Walter informed Wells Fargo of her conviction.

18. On or about July 15, 2010 Wells Fargo informed Ms. Walter that her employment was being terminated because of her conviction and that she should not return to work after July 16, 2010.

19. On information and belief, prior to informing Ms. Walter that her employment was terminated, Wells Fargo improperly failed to conduct any assessment of whether (1) there was a direct relationship between her conviction and her employment responsibilities at Wells Fargo or (2) whether the continuation of her employment presented any risk to persons or property as Wells Fargo was required to do under New York law. Further, on information and belief, Wells Fargo disregarded the legal significance of the Certificate of Relief with respect to these two assessments.

20. On July 16, 2010 Ms. Walter's counsel called various members of Wells Fargo's human resources and legal departments to contest Ms. Walter's termination. On July 20, 2010, Ms. Walter's counsel wrote to William J. Hunnicutt, Senior Counsel in the Wells Fargo & Company Law Department objecting to Ms. Walter's termination as a blatant violation of New York law.

21. In response to counsel's letter and other communications, Wells Fargo agreed to extend Ms. Walter's salary through August 6, 2010 while Wells Fargo considered its position, but instructed Ms. Walter not to return to the office.

Wells Fargo Offers a Pre-textual
<u>Rationale for Ms. Walter's Termination</u>

22.     In response to inquiries by Ms. Walter's counsel, Wells Fargo offered a legally insufficient and transparently pretextual excuse for Ms. Walter's termination.

23.     In and around late July and early August, 2010, Mr. Hunnicutt claimed that Wells Fargo was required to terminate Ms. Walter's employment because Wells Fargo's employee fidelity insurance policy does not provide coverage to employees convicted of a felony.

24.     Wells Fargo's negotiation and purchase of an insurance policy that discriminates against employees based on their conviction status reflect that Wells Fargo has institutionalized an illegal discriminatory practice in violation of New York law.

25.     On information and belief, however, Wells Fargo's claim that it could not continue to employ Ms. Walter because Wells Fargo's insurance policy does not cover employees with felony convictions, was a pretext designed to conceal Wells Fargo's institutionalized and voluntary discrimination against employees based on their conviction status.

26.     In response to Mr. Hunnicutt's claim that Wells Fargo's employee fidelity insurance policy would not cover Ms. Walter, Ms. Walter immediately applied for and obtained a $25,000 employee "fidelity bond" covering Ms. Walter. Ms. Walter obtained the fidelity bond through the United States Federal Bonding Program as administered by the New York State Department of Labor. On July 26, 2010, Ms. Walter's counsel emailed Mr. Hunnicutt a confirmation sheet showing that the fidelity bond had been issued for the benefit of Wells Fargo.

27.     Shortly after receiving the fidelity bond, Mr. Hunnicutt informed Ms.

Walter's counsel that the fidelity bond was not for a sufficient amount and that Wells Fargo was proceeding with Ms. Walter's termination. Mr. Hunnicutt refused to specify the dollar amount of employee fidelity insurance that Wells Fargo deemed sufficient to continue Ms. Walter's employment. Wells Fargo stopped paying Ms. Walter her salary on August 6, 2010.

AS AND FOR A FIRST CAUSE OF ACTION
(Claim under New York City Administrative Code §§ 8-502 and 8-107(10))

28.   Ms. Walter repeats and realleges each and every allegation contained in paragraphs 1 through 27 of the complaint as if fully set forth herein.

29.   Wells Fargo terminated Ms. Walter based on her conviction status in violation of N.Y.C. Administrative Code § 8-107(10).

30.   As a direct and proximate result of Wells Fargo's unlawful conduct, Ms. Walter has been damaged in an amount to be determined at trial but believed to be in excess of $1,000,000.

AS AND FOR A SECOND CAUSE OF ACTION
(Claim under New York City Administrative Code §§ 8-502 and 8-107(17))

31.   Ms. Walter repeats and realleges each and every allegation contained in paragraphs 1 through 30 of the complaint as if fully set forth herein.

32.   To the extent that Wells Fargo terminated Ms. Walter's employment because the terms of Wells Fargo's employee fidelity insurance policy do not provide coverage to any employee convicted of a felony, such employment practice or policy results in a prohibited disparate impact to the detriment of employees having criminal convictions such as Ms. Walter and is, therefore, prohibited under New York law.

33.   As a direct and proximate result of Wells Fargo's unlawful conduct, Ms.

Walter has been damaged in an amount to be determined at trial but believed to be in excess of $1,000,000.

WHEREFORE, Ms. Walter respectfully demands judgment as follows:

(a) On her First Cause of Action, an award against Wachovia and Wells Fargo & Co., jointly and severally, in an amount to be determined at trial but believed to be in excess of $1,000,000;

(b) On her Second Cause of Action, an award against Wachovia and Wells Fargo & Co, jointly and severally, in an amount to be determined at trial but believed to be in excess of $1,000,000;

(c) On both her First and Second Causes of Action, an award against Wachovia and Wells Fargo & Co., jointly and severally, for punitive damages in an amount appropriate to punish Wells Fargo for its willful, knowing and intentional violation of New York law and to deter Wells Fargo from continuing such actions in the future, which amount is believed to be at least $10,000,000;

(d) On both her First and Second Causes of Action, an award against Wells Fargo for attorneys fees and related costs and expenses as permitted by New York City Administrative Code 8-502(f);

(e) All interest and costs as permitted by law; and

(f) For such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br>September 30, 2010 | ROTTENBERG LIPMAN RICH, P.C.<br><br>By: _____<br>Thomas E. Chase, Esq.<br>369 Lexington Avenue, Fifteenth Floor<br>New York, New York 10017<br>*Attorneys for Plaintiff Karen Walter* |