UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JACKSON LEWIS LLP**
One North Broadway, 15th Floor
White Plains, New York 10601
Tel: (914) 328-0404
Fax: (914) 328-1882
Attorney of Record:
      Penny Ann Lieberman, Esq.
      Michael A. Frankel, Esq.
Attorneys For Defendants
Wells Fargo & Company and
Wachovia Shared Resources, LLC

-------------------------------------------------x

KAREN WALTER,

                       **Plaintiff,**

       -against-                            **Case No.:  10 Civ. 7491 (VM)**

**WELLS FARGO & COMPANY and
WACHOVIA SHARED RESOURCES,
LLC,**

                       **Defendants.**

-------------------------------------------------x

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

     Defendants, Wells Fargo & Company and Wachovia Shared Resources, LLC (hereinafter "Defendants"), by and through their undersigned attorneys, Jackson Lewis LLP, for their Answer to Plaintiff's Complaint herein state as follows:

### AS TO "PARTIES"

     1.     Defendants deny each and every allegation set forth in Paragraph 1 of Plaintiff's Complaint.

     2.     Defendants deny each and every allegation set forth in Paragraph 2 of Plaintiff's Complaint, except admit, upon information and belief, that Plaintiff received a

Certificate of Relief from Disabilities, and Defendants respectfully refer the Court to the Certificate of Relief from Disabilities for a complete and accurate description of its contents, and Defendants admit that: (1) Plaintiff reported her conviction to Defendants; and (2) Defendants terminated Plaintiff's employment.

    3.  Defendants deny each and every allegation set forth in Paragraph 3 of Plaintiff's Complaint, except admit Plaintiff's attorney contacted Wells Fargo & Company.

    4.  Defendants deny each and every allegation set forth in Paragraph 4 of Plaintiff's Complaint, except deny knowledge or information sufficient to form a belief regarding Plaintiff's emotional state.

    5.  Defendants deny each and every allegation set forth in Paragraph 5 of Plaintiff's Complaint, except admit Plaintiff purports to seek the damages specified in this paragraph.

## AS TO "THE PARTIES"

    6.  Defendants deny each and every allegation set forth in Paragraph 6 of Plaintiff's Complaint, except admit Plaintiff was hired in or about January 2007, and admit, upon information and belief, that at times relevant to the allegations in Plaintiff's Complaint, Plaintiff lived in Stewart Manor, New York.

    7.  Defendants admit that Wachovia Shared Resources, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Charlotte, North Carolina.  Defendants aver that Wachovia Shared Resources, LLC is a subsidiary of Wachovia Financial Services, Inc., which is a subsidiary of Wells Fargo Bank, N.A., and that Wells Fargo Bank, N.A. is a subsidiary of Wells Fargo & Company.

8.     Defendants admit each and every allegation set forth in Paragraph 8 of Plaintiff's Complaint.

9.     Defendants deny each and every allegation set forth in Paragraph 9 of Plaintiff's Complaint, except admit Plaintiff purports to allege jurisdiction is proper for the reasons stated.

10.     Defendants deny each and every allegation set forth in Paragraph 10 of Plaintiff's Complaint, except admit Plaintiff purports to allege venue is proper for the reasons stated.

11.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of Plaintiff's Complaint, except admit upon information and belief, that Plaintiff received a Certificate of Relief from Disabilities, and Defendants respectfully refer the Court to the Certificate of Relief from Disabilities for a complete and accurate description of its contents.

14.     Paragraph 14 of the Complaint contains conclusions of law to which no response is required, except to the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 14 of Plaintiff's Complaint.

15.     Defendants deny each and every allegation set forth in Paragraph 15 of Plaintiff's Complaint.

16.     Defendants deny each and every allegation set forth in Paragraph 16 of Plaintiff's Complaint.

17.     Defendants admit each and every allegation set forth in Paragraph 17 of Plaintiff's Complaint.

18.     Defendants deny each and every allegation set forth in Paragraph 18 of Plaintiff's Complaint, except admit Defendants terminated Plaintiff's employment.

19.     Defendants deny each and every allegation set forth in Paragraph 19 of Plaintiff's Complaint.

20.     Defendants deny each and every allegation set forth in Paragraph 20 of Plaintiff's Complaint, except admit Plaintiff's attorney contacted Wells Fargo & Company.

21.     Defendants deny each and every allegation set forth in Paragraph 21 of Plaintiff's Complaint, except admit Plaintiff was placed on paid leave for a certain time period.

22.     Defendants deny each and every allegation set forth in Paragraph 22 of Plaintiff's Complaint..

23.     Defendants deny each and every allegation set forth in Paragraph 23 of Plaintiff's Complaint.

24.     Defendants deny each and every allegation set forth in Paragraph 24 of Plaintiff's Complaint.

25.     Defendants deny each and every allegation set forth in Paragraph 25 of Plaintiff's Complaint.

26.     Defendants deny each and every allegation set forth in Paragraph 26 of Plaintiff's Complaint, except admit Plaintiff's counsel provided Defendants a letter from the

New York State Department of Labor concerning Plaintiff and entitled "Fidelity Bond Coverage Information".

27.    Defendants deny each and every allegation set forth in Paragraph 27 of Plaintiff's Complaint, except admit Defendants terminated Plaintiff's employment effective August 6, 2010.

## AS TO THE "FIRST CAUSE OF ACTION
### (Claim under New York City Administrative Code §§ 8-502 and 8-107(10))"

28.    Defendants repeat and reallege their responses to Paragraphs "1" through "27" of the Complaint inclusive, as if set forth fully herein in response to Paragraph "28" of the Complaint.

29.    Defendants deny each and every allegation set forth in Paragraph 29 of Plaintiff's Complaint.

30.    Defendants deny each and every allegation set forth in Paragraph 30 of Plaintiff's Complaint.

## AS TO THE "SECOND CAUSE OF ACTION
### (Claim under New York City Administrative Code §§ 8-502 and 8-107(17))"

31.    Defendants repeat and reallege their responses to Paragraphs "1" through "30" of the Complaint inclusive, as if set forth fully herein in response to Paragraph "31" of the Complaint.

32.    Defendants deny each and every allegation set forth in Paragraph 32 of Plaintiff's Complaint.

33.    Defendants deny each and every allegation set forth in Paragraph 33 of Plaintiff's Complaint.

### AS TO THE ALLEGATIONS IN PLAINTIFF'S "WHEREFORE" CLAUSE

34.     Defendants deny each and every allegation set forth in the "Wherefore" clause in Plaintiff's Complaint, and deny that Plaintiff is entitled to the relief sought.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

35.     The Complaint fails, in whole or in part, to state any cause of action against Defendants upon which relief can be granted or for which the damages sought can be awarded.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

36.     At all times relevant hereto, Defendants have acted in good faith and have not violated any rights which may be secured to Plaintiff under any State, city or local laws, rules, regulations, codes or guidelines.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

37.     Plaintiff's claims for damages against Defendants are barred, in whole or in part, because she has failed to mitigate her alleged damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

38.     Plaintiff's claims against Defendants are barred, in whole or in part, because the Court lacks subject matter jurisdiction over Plaintiff's claims.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

39.     Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

40.     Plaintiff's claims, in whole or in part, are barred by the Doctrine of After Acquired Evidence.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

41.     In the event liability of Defendants is established pursuant to the Administrative Code of the City of New York § 8-101 et seq. based on the conduct of an employee, agent or independent contractor, Defendants reserve their right under the Administrative Code of the City of New York § 8-107(13) to demonstrate all relevant factors to be considered in determination of liability and in mitigation of any damages, including but not limited to Defendants' implementation of and compliance with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

42.     Plaintiff's Complaint should be dismissed to the extent that Plaintiff has failed to meet all conditions precedent to suit under the New York City Administrative Code, § 8-502(c), in that *inter alia*, Plaintiff failed to serve a copy of the Complaint upon the City Commission on Human Rights and the Corporation Counsel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

43.     Plaintiff's claims are barred, in whole or in part, because any policy or practice implemented by Defendants was job related and consistent with business necessity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

44.     Plaintiff's claims are barred, in whole or in part, because federal law preempts Plaintiff's claims.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

45.     Plaintiff's claims and request for damages fail, in whole or in part, because Defendants' actions were required by, or in furtherance of, their obligations under federal law or regulation.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

46.     Plaintiff's claims and request for damages fail, in whole or in part, because Defendants' possessed a good faith belief that their actions were required by, or in furtherance of, their obligations under federal law or regulation.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

47.     Plaintiff's claims are barred, in whole or in part, because coverage under Defendants' fidelity bond was a bona fide occupational qualification.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

48.     Defendants reserve the right to amend or add additional affirmative defenses or counterclaims, which may become known during the course of discovery.

WHEREFORE, Defendants asks this Court to:

1.     Dismiss Plaintiff's Complaint in its entirety, with prejudice;

2.     Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

3.     Award Defendants the reasonable attorneys' fees and costs they incur in defending this action; and

4.     Grant Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
One North Broadway, 15th Fl.
White Plains, New York  10601
(914) 328-0404

By: _____

Penny Ann Lieberman
Michael A. Frankel

ATTORNEYS FOR DEFENDANTS
WELLS FARGO & COMPANY and
WACHOVIA SHARED RESOURCES,
LLC.

Dated: November 4, 2010
          White Plains, New York

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

KAREN WALTER,

                            **Plaintiff,**

         **-against-**

WELLS FARGO & COMPANY and
WACHOVIA SHARED RESOURCES,
LLC,

                          **Defendant.**

Case No.: 10 Civ. 7491 (VM)

------------------------------------------------x

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a copy of the foregoing Answer has been served via U.S. Mail, postage pre-paid, on November 4, 2010 on counsel for Plaintiff at the address listed below:

Thomas E. Chase, Esq.
Rottenberg Lipman Rich, P.C.
369 Lexington Avenue, Fifteenth Floor
New York, New York 10017
*Attorneys for Plaintiff*

_____
Michael A. Frankel